IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL PHILLIPPE SCOTT,

        Petitioner,         No. CIV S-08-2370 GEB KJM P

    vs.

D.K. SISTO,

        Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent's motion to dismiss the petition as untimely filed is before the court. Petitioner has filed an opposition to the motion. Respondent has not filed a reply.

    I. <u>Background</u>

        For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows: On July 28, 2006, petitioner was found guilty of a disciplinary violation and was assessed a loss of thirty days of "good time" credit. <u>See</u> Mot., Ex. A at 8[1] (docket no. 13). Petitioner sought administrative remedies by pursuing an internal appeal, which was denied by

---

[1] Page references are to those assigned by the court's CM/ECF system.

1

the Director of the California Department of Corrections and Rehabilitation (CDCR) on March 16, 2007.  See Opp'n at 8 (docket no. 14).  Petitioner filed a petition for writ of habeas corpus in Solano County Superior Court on October 11, 2007, challenging the loss of "good time" credit.  Id. at 10.  That petition was denied on December 14, 2007.  Id. at 11-12.  Petitioner then sought habeas relief before the California Court of Appeal, First Appellate District, on February 8, 2008.  Id. at 13.  That petition was denied on April 17, 2008.  Id. at 14.  Finally, he filed a petition with the California Supreme Court on May 5, 2008.  Id. at 15.  That was denied on June 11, 2008.  Id. at 16.  The instant petition was filed on October 7, 2008.

II. Analysis

Respondent argues that the federal petition is untimely.  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The statute of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was commenced in 2008, the AEDPA period of limitations is applicable to the petition.  Specifically, that statute provides in relevant part:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent correctly states that when a petition challenges an administrative decision, § 2244(d)(1)(D) applies, and the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Respondent takes the position that the triggering date in this case was "the day after Scott was convicted of the prison disciplinary charge." Mot. at 3. This assertion is incorrect as made clear in the very authority respondent cites. In Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004), the Ninth Circuit addressed the petition of an Oregon inmate who challenged the loss of 100 days of "statutory good time" as a penalty for a disciplinary violation. After reaffirming that § 2244(d)(1)(D) governed the timeliness of petitions challenging administrative decisions, the court concluded that "[petitioner] does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day." Shelby, 391 F.3d at 1066 (emphases added).[2]

---

[2] The Ninth Circuit's application of law to fact in calculating the time limitation in Shelby is not ambiguous or subject to any reasonable interpretation other than a statement that the one-year period begins once a prisoner's administrative appeals process has ended. The other case cited by respondent, Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003), applies the same rule in the context of administrative appeals where a prisoner has been denied parole. Nor is it an arcane rule unfamiliar to respondent or his counsel. Respondent has been party to numerous cases in this court where the timing rule of Shelby and Redd was applied. See, e.g., Winston v. Sisto, 2008 WL 2119918 (E.D.Cal); Perez v. Sisto, 2007 WL 3046006 (E.D.Cal.); Howard v. Sisto, 2009 WL 1657471 (E.D.Cal.). Respondent's newfound position that the limitation period begins the day after the initial hearing at which petitioner was penalized with a loss of time credit is not justified by anything set forth in his briefing in this matter.

3

The limitations period in this case began to run on March 17, 2007, the day after petitioner's appeal to the Director of CDCR was denied. That denial came 231 days later than respondent's suggested triggering date of July 29, 2006. This later date makes a crucial difference, as it renders the instant petition timely under § 2244(d)(1)(D). The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Petitioner waited 208 days from the time his final administrative appeal was denied to the time he initiated habeas proceedings in state court. During that time, the limitations period ran against him. When he filed his petition in Solano County Superior Court on October 11, 2007, the statute was tolled until the California Supreme Court denied his petition on June 11, 2008.[3] He then waited another 117 days before filing the instant petition with this court on October 7, 2008, running out 325 days of the one-year limitations period. His petition is therefore timely, and respondent's motion to dismiss should be denied.

/////

/////

---

[3] Petitioner allowed fifty-five days to elapse between the Superior Court's denial of his petition and his filing a petition in the intermediate appellate court. Seventeen days elapsed between the intermediate court's denial and his filing before the California Supreme Court. Neither of these time lapses constitutes an unreasonable delay. See Evans v. Chavis, 546 U.S. 189 (2006). Therefore neither should be counted against petitioner in calculating the timeliness of his petition.

4

1       Accordingly, IT IS RECOMMENDED that respondent's motion to dismiss
2 (docket no. 13) be denied and respondent ordered to file an answer to the petition no later than
3 thirty days after any adoption of these findings and recommendations.
4       These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
6 days after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9 shall be served and filed within seven days after service of the objections.  The parties are
10 advised that failure to file objections within the specified time may waive the right to appeal the
11 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: February 26, 2010.

                                            U.S. MAGISTRATE JUDGE

4
scot2370.157