IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL PHILLIPE SCOTT,

    Petitioner,                  No. CIV S-08-2370 GEB KJM P

    vs.

D.K. SISTO,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On May 13, 2010, he moved for a temporary restraining order, claiming that prison officials had deprived him of his property. He seeks, among other things, the return of orthopedic supplies and prescribed vitamin supplements. He has further alleged that removal of his legal materials left him unable to reply to respondent's answer to his petition.

        As to the allegation regarding his legal materials, the court granted petitioner an extension of sixty days in which to file a traverse. See Docket No. 21. The court deemed that length of time adequate to allow for the return of petitioner's legal materials. The court also ordered respondent to respond to the motion for a temporary restraining order to the extent it

1

alleges the deprivation of necessary medical supplies and prescribed supplements. Id. Respondent has complied with the order. See Docket No. 24.

Petitioner has also filed a motion to amend his initial motion for a temporary restraining order. See Docket No. 22. The motion to amend alleges new claims that petitioner is being denied "medical products for high cholesterol and skin cancer." Id. at 15. The court construes that motion as a second motion for a temporary restraining order.

I.      Legal Standard For Immediate Injunctive Relief

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this court to construe a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## II. The Parties' Submissions

Respondent has submitted records showing that prison officials returned petitioner's knee and back braces, orthopedic shoes and protein tablets on May 16, 2010. See Response, Ex. A. Respondent has also shown that while petitioner does have numerous medical prescriptions, vitamin supplements are not among them. Id., Ex. B.

As for the alleged deprivation of petitioner's legal materials, petitioner has now filed a traverse. The request for the return of legal materials for the purpose of filing a traverse should be denied as moot.

Finally, petitioner's motion for leave to amend his motion for a temporary restraining order adds for the first time his contention that he has been deprived of medical products for high cholesterol and skin cancer. See Docket No. 22 at 15. The medical records submitted by respondent do not reflect any prescriptions related to those conditions.

## III. Conclusion

Petitioner has failed to demonstrate that any of the relief he presently seeks is essential to preserve the status quo in the underlying action. More significantly, he does not demonstrate that in the absence of preliminary relief he is likely to suffer irreparable harm – either on the merits of the instant litigation or, more fundamentally, to his person. To the

3

contrary, the evidence before the court shows that petitioner has been provided the medical supplies he requires. Furthermore, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.

The court finds that petitioner has failed to demonstrate he is entitled to preliminary relief with regard to medical supplies or prescriptions. Petitioner has demonstrated that he is able to file a traverse; therefore his motion for the return of his legal materials is moot. He has likewise not shown that he is being deprived prescribed treatment for high cholesterol or skin cancer. For these reasons, petitioner's motion for a temporary restraining order and his motion to amend his motion for a temporary restraining order should be denied.

Finally, the court cautions petitioner that to the extent he seeks long-term relief for constitutional deprivations that he believes have occurred, the instant case is not the appropriate vehicle for asserting such a claim. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, it appears that the matters covered by petitioner's motions for injunctive relief would be properly brought as claims in a civil rights action under 42 U.S.C. § 1983, if the requirements for such an action are met.

IT IS RECOMMENDED that petitioner's motions for a temporary restraining order (Docket Nos. 19 and 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1 | objections with the court and serve a copy on all parties.  Such a document should be captioned
2 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 | shall be served and filed within fourteen days after service of the objections.  The parties are
4 | advised that failure to file objections within the specified time may waive the right to appeal the
5 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 | DATED:  July 2, 2010.

_____
U.S. MAGISTRATE JUDGE

4
scot2370.tro(3)