IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL PHILLIPE SCOTT,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT H. TRIMBLE,[1] Warden (A),<br>Pleasant Valley State Prison,<br><br>　　　　　　　　Respondent. | No. 2:08-cv-02370-JKS<br><br>MEMORANDUM DECISION |

Noel Phillipe Scott, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Scott is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Pleasant Valley State Prison.  Respondent has answered, and Scott has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

In November 1990, following his conviction in the Los Angeles County Superior Court of Murder in the First Degree (Cal. Penal Code § 187(a)), with an enhancement for the use of a firearm (Cal. Penal Code § 12022.5), Scott was sentenced to an aggregate prison term of 27 years to life.  Scott does not challenge his conviction or sentence in this proceeding.

Scott was charged in a Rules Violation Report ("RVR") with "Conspiracy/Introduce Contraband/Prison."  After a hearing before a Special Hearing Officer ("SHO"), Scott was found

---

[1] Robert H. Trimble, Warden (A), Pleasant Valley State Prison, is substituted for D. K. Sisto, Warden, California State Prison, Solano.  Fed. R. Civ. P. 25(d).

guilty and assessed a penalty of the loss of 30 days of work-time credits.  After he had exhausted his administrative remedies,[2] Scott timely filed a petition for habeas relief in the Solano County Superior Court, which denied the petition in an unreported decision.  The California Court of Appeal summarily denied Scott's petition for habeas relief without explanation or citation to authority.  The California Supreme Court also summarily denied Scott's petition for habeas relief on June 11, 2008.  Scott timely filed his Petition for relief in this Court on October 3, 2008.

Scott was charged with a violation of § 3005(a) of the regulations, to wit:

> On 06/28/06, I was advised Inmate SCOTT, E-75935, 08-241-L, had contacted MGM (quarterly package vendor) via correspondence (refer to attached).  In this correspondence Scott is requesting this vendor to sell him vitamin and skin care products.  Scott further states in this correspondence that, "I will gladly pay you a service charge to process the order and for shipping it in the same way as a quarterly package is sent.  Please contact my mother with your response."  In this Scott is conspiring to introduce unauthorized property to be sent into him disguised as a quarterly package, for this Scott is offering financial compensation.  Scott's blatant conduct implicates his mother in a conspiracy that if not reported by MGM managerial staff to the California Department of Corrections and Rehabilitation Institutional Services Division (Inmate Property Unit) would of compromised the quarterly package program.  Inmate Scott is aware of the quarterly package program as I and Correctional Sergeant Smith have spoken to him concerning this process on August 1, 2005.  Attached is a faxed copy of Scott's letter to MGM and a medical chrono provided by MGM.[3]

The SHO found Scott guilty on the basis of the RVR and "SCOTT'S own admission of guilt, stating: 'I DID IT.'"[4]

---

[2] Prisoner disciplinary actions are subject to internal administrative review.  Cal. Code Regs, tit. 15, §§ 3084.1, 3084.2, 3084.7, 3084.9.

[3] Docket No. 17-1, p. 7.

[4] Docket No. 17-1, p. 8.

II.  GROUNDS RAISED/DEFENSES

In his Petition, Scott raises three grounds:  (1) the Solano County Superior Court did not issue an Order to Show Cause before denying him relief; (2) the RVR was erroneously issued; and (3) the finding of guilt is unsupported by any evidence.  Respondent does not assert any affirmative defense.[5]

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[7]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[8]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

---

[5] *See* Rules—Section 2254 Cases, Rule 5(b).

[6] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[7] *Williams*, 529 U.S. at 412.

[8] *Early v. Packer*, 537 U.S. 3, 10 (2002).

'unreasonabl[y] appli[ed] clearly established Federal law.'"[9] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[10] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[11] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[12] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[13] Because state-court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[14]

---

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[12] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[13] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[14] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[15]

In applying this standard, this Court reviews the last reasoned decision by the state court.[16] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[17] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[18]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas

---

[15] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[16] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[17] *Ylst*, 501 U.S. at 802-03.

[18] *Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

5

relief or a petition for review of the court of appeal's denial in the California Supreme Court.[19] This is considered the functional equivalent of the appeal process.[20] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[21] This presumption applies to state trial courts and appellate courts alike.[22]

## IV.  DISCUSSION

The Supreme Court has clearly and unequivocally held that where the disciplinary action results in the revocation of time credits, prisoners retain the protection of the Due Process Clause.[23] Because prison disciplinary proceedings are not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding does not apply.[24] In the context of prison disciplinary proceedings, the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken,[25] and (4) the findings must be

---

[19] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[20] *Id.* at 222.

[21] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[22] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[23] *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).

[24] *Id.* at 556.

[25] *Id.* at 563-66.

supported by some evidence in the record.[26]  It is within this framework that this Court examines Scott's claims.

### Ground 1:  Failure to Issue an Order to Show Cause

Scott argues that the denials by the state courts without first ordering that the Respondent show cause are unreasonable applications of United States Supreme Court precedent.  The Solano County Superior Court stated:  "[Scott] has failed to establish a prima facie case for relief on any of his claims.  (*People v. Duvall* (1995) 9 Cal.4th 464)."  The Supreme Court has never held that a state court must issue an order to show cause or hold a hearing before denying a petition for a writ of habeas corpus.  Indeed, under the rules governing petitions for habeas corpus relief in this Court, the petition may be dismissed without requiring a response if it plainly appears that the petitioner is not entitled to relief.[27]  Because he has failed to raise an issue of constitutional dimension, Scott is not entitled to relief under his first ground.

### Ground 2:  Issuance of the RVR was Erroneous

Scott, arguing by analogy to the requirement that there must be some evidence to support the decisions of prison disciplinary authorities, contends there must also be some evidence to support the issuance of the RVR, which initiates the disciplinary action.  If there is no evidence to support the charge, no disciplinary action is taken.  Because the some evidence requirement is part of the review of the disciplinary proceeding as a whole, it is unnecessary to discuss it separately in the context of the complaint that initiates the process.  If no disciplinary action is taken, there is no reason to look to the validity of the charging document in the first place.

---

[26] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[27] *See* Rules—Section 2254 Cases, Rule 4.

Scott's second ground presents no issue that is not subsumed by this third ground. Accordingly, there is no need for this Court to address it.

> Ground 3:  Unsupported by the Evidence

In finding Scott Guilty, the SHO found:

> **FINDINGS:**  Inmate SCOTT found Guilty based upon a preponderance of evidence, which substantiates the charge of CONSPIRACY TO INTRODUCE CONTRABAND INTO A PRISON.  This evidence includes:  A) the RVR, dated 6/28/06, authored by Officer M. VALENZUELA, which states in part:  "INMATE SCOTT ATTEMPTED TO INTRODUCE UNAUTHORIZED ITEMS (CONTRABAND) INTO CSP-SOLANO."  B) inmate SCOTT'S own admission of guilt, stating:  "I DID IT."
> **ADDITIONAL INFORMATION:**  Correspondence to "MGM" soliciting goods for monetary compensation.[28]

The Director's Appeal Level Decision held:

> **I     APPELLANT'S ARGUMENT:**  [Scott] is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S2-06-07-0493, dated June 28, 2006, for "Conspiracy/Introduce Contraband/Prison," a Division "F" offense.  It is [Scott's] position that he is not guilty of the RVR as charged.  He requests dismissal of the RVR.
> **II    SECOND LEVEL'S ARGUMENT:**  The reviewer found that [Scott] was afforded all of his due process rights, including a fair and unbiased hearing.  On June 28, 2006, [Scott] attempted to obtain unauthorized items through a disguised quarterly package.  He implicated his mother in the conspiracy.  [Scott] was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO).  He pled guilty at the hearing.  [Scott] did not meet the criteria for the assignment of an Investigative Employee to assist him in the gathering of evidence.  [Scott] did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English.  [Scott] waived that witnesses be present at the hearing.
> **III   DIRECTOR'S LEVEL DECISION**: Appeal is denied.
>       **A.    FINDINGS:**  [Scott] was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met.  A preponderance of evidence was established by an impartial SHO to sustain the guilty finding.  Reports reflect that [Scott] has presented no new or compelling

---

[28] Docket No. 17-1, p. 24.

evidence in the appeal, which would warrant a modification of the decision reached by the institution.
       **B.**       **BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3006, 3315, 3312, 3323
       **C.**       **ORDER:**  No changes or modifications are required by the institution.[29]

Scott contends that there was no evidence to support the charges made in the RVR. Specifically, Scott contends that there is no evidence that he was attempting to introduce contraband into the prison. The Solano County Superior Court disagreed, holding:

> Some evidence supports [Scott's] guilt of a rules violation as required by law. (*Superintendent v. Hill*, 472 U.S. 455.) The letter that [Scott] wrote to the product vendor suggests [Scott] was trying to obtain either unauthorized property or authorized property in an unauthorized manner. The Department's finding was proper.[30]

In the RVR, Scott was charged with a violation of § 3005(a) of the regulations.[31] By its very language, this regulation cannot be violated without the violation of another regulation. Therefore, it is necessary to identify another regulation that Scott violated, and of which he was found guilty. The Director's Level Appeal Decision cited as the basis for the decision "California Code of Regulations, title 15, Section: 3006, 3315, 3312, 3323."[32] Sections 3312 "Disciplinary Methods," 3315 "Serious Rule Violations," and 3323 "Disciplinary Credit Forfeiture Schedule," relate to the disciplinary process itself, not inmate conduct that is

---

[29] Docket No. 17-1, p. 25.

[30] Docket No. 17-1, pp. 33-34.

[31] Cal. Code Regs., tit 15, § 3005(a) provides:
    Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

[32] Docket No. 17-1, p. 25.

prohibited. Thus, Scott could not have violated any of those sections. Section 3006 "Contraband" provides in part:

> Inmates may possess only the personal property, materials, supplies, items, commodities and substances, up to the maximum amount, received or obtained from authorized sources, as permitted in these regulations. Possession of contraband as defined in section 3000 may result in disciplinary action and confiscation of the contraband.[33]

"Contraband means anything which is not permitted, in excess of the maximum quantity permitted, or received or obtained from an unauthorized source."[34]

If the record actually supported the determination that Scott admitted that he violated the regulation, this Court's inquiry would be at an end and Scott's Petition denied. The record, however, does not support a determination that Scott, in effect, pled guilty to the charge. The Supreme Court has made clear that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[35] Accordingly, this Court looks to the record presented in Scott's state court habeas petitions.

The record presented to the state courts does not contain a transcript of the hearing before the SHO. The record presented to the Solano County Superior Court does, however, contain a copy of the letter Scott wrote to MGM, including the medical chrono.[36] The record also includes the declaration of Scott in which Scott stated:

---

[33] Section 3006 also lists a number of prohibited items, none of which are applicable to this case.

[34] Cal. Code Regs, tit 15, § 3000.

[35] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[36] Docket No. 17-1, pp. 26-27.

>   1. That I went to the disciplinary hearing regarding the Conspiracy write up on July 28, 2006.
>   2. That after the Senior Hearing Officer (SHO) read the charge aloud he asked me "How do you plead?" and the following dialog took place between us.
>   Answer Pet.: "I plead guilty to writing the letter and trying to order the stuff on my chrono but I plead not guilty to any conspiracy."
>   Ques. SHO: "Do you have anything else to add?"
>   Pet.: "what else do I need to say, vitamins and body lotion aren't contraband, and I've got a chrono for this stuff."
>   SHO: "well you went about it the wrong way, and creatine isn't allowed anymore."
>   Pet.: "how is writing a letter to the vendor wrong, their [sic] not gonna accept a collect call from me! And since when is creatine not allowed? You got a memo from Sac. about that?"
>   SHO: "No, I don't have a memo but that's what Valenzuela says."
>   Pet.: "Well that's a lie, cuz [sic] just got creatine in my last quarterly package!"
>   SHO: "Well I'm finding you guilty anyways since you admit to writing the letter."
>   3. That at no time during the RVR hearing did I plead guilty to the conspiracy part of the charges despite having admitted to writing the letter, and I asked the SHO if he understood my position and plea and he said "Yes."[37]

In his Response, Respondent does not contend that Scott's declaration does not accurately reflect the colloquy between Scott and the SHO, nor has Respondent provided a transcript of the hearing before the SHO as required by the Rules.[38] Consequently, this Court accepts Scott's statement of the colloquy.[39]

As Scott correctly notes, nowhere in the RVR or the Director's Level Appeal Decision is the identification of which item or items Scott was trying to introduce into the prison that constituted "contraband," as defined in the regulation. Nor is there any indication that the

---

[37] Docket No. 17-1, p. 30.

[38] *See* Rules—Section 2254 Cases, Rule 5(c).

[39] *Cf. id.* (providing that "[i]f a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence."). By failing to controvert Scott's declaration, Respondent has at least inferentially indicated an acceptance that it constitutes the functional equivalent of the narrative required by the rule.

11

method Scott used or the source he sought the items from was unauthorized.  Indeed, the record before the state courts clearly establishes that, contrary to the findings of the Solano County Superior Court, Scott was not attempting to obtain unauthorized property, and just as clearly fails to establish that he was attempting to obtain authorized property in an unauthorized manner.

The medical chrono provides:  "**RECOMMENDATION:**  He is allowed to receive vitamins creatine and skin care products from vendors approved by California Department of Corrections."[40]  Also included in Scott's petitions to the state courts is an approved "Request for Special Order," which includes, *inter alia*, creatine.[41]  In his petitions to the California Court of Appeal and California Supreme Court, Scott also included an undated letter, signed by a Correctional Captain, responding to Scott's correspondence dated November 28, 2006, in which it was stated that creatine was approved for inmate reception via the quarterly package program.[42]

Respondent is correct that under *Hill* the "some evidence" standard is "minimally stringent,"[43] and the evidence need not "logically preclude" any conclusion other than that reached by the SHO.[44]  The decision of the SHO must, however, be supported by some evidence— it may not be without evidentiary support or arbitrary.[45]  In this case, unlike *Hill*, the findings of both the SHO and the California courts are totally devoid of any factual support.

---

[40] Docket No. 17-1, pp. 27 (Superior Court), 52 (Court of Appeal), and 79 (California Supreme Court).

[41] Docket No. 17-1, pp. 29 (Superior Court), 54 (Court of Appeal), and 80 (California Supreme Court).

[42] Docket No. 17-1, pp. 56 (Court of Appeal) and 84 (California Supreme Court).

[43] *Hill*, 472 U.S. at 455-56.

[44] *Id.* at 457.

[45] *Id.*

Accordingly, based upon the record before it, this Court finds that the decisions of the California courts unreasonably applied *Hill* and were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[46]

## V.  CONCLUSION AND ORDER

Scott is entitled to relief under the third ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Respondent is directed to correct Scott's disciplinary record in the manner otherwise provided by California law to reflect a finding of not guilty of the charges in the Rules Violation Report dated June 28, 2006.

The Clerk of the Court is to enter judgment accordingly.

Dated:  September 29, 2011.

                                                    /s/ James K. Singleton, Jr.
                                                    JAMES K. SINGLETON, JR.
                                                    United States District Judge

---

[46] 28 U.S.C. § 2254(d).